UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PRENTICE FARRELL ANDERSON, )
)
      Plaintiff, )
)
v. ) No.: 3:19-CV-281-TAV-HBG
)
LOGAN GIBBSON, )
)
      Defendant. )

## MEMORANDUM OPINION

Defendant Logan Gibbson has filed a motion for summary judgment seeking dismissal of this pro se prisoner's complaint for violation of 42 U.S.C. § 1983 for Plaintiff's alleged failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") [Doc. 34]. Plaintiff has failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the competent summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED** in favor of Defendant, and this action should be **DISMISSED**.

### I. ALLEGATIONS AGAINST DEFENDANT

Plaintiff maintains that Logan Gibbson, a corporal at the Morgan County Correctional Complex, maliciously used a stun gun against Plaintiff and subjected him to excessively tight handcuffs while removing him from his cell on January 28, 2019 [Docs. 4 and 7].[1]

---

[1] Additional claims and Defendants were dismissed upon the initial screening of the complaint [*See* Docs. 6 and 8].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

## III. DISCUSSION

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

2

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Moreover, the requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

Plaintiff filed a grievance regarding the January 28, 2019 allegations of excessive force, at the earliest, on February 11, 2019 [Doc. 32 p. 4-5]. The grievance was returned to Plaintiff as untimely and improper, as Plaintiff included multiple disparate issues in the grievance [*Id.* at 3]. There is no indication in Plaintiff's grievance records that he appealed his claim of excessive force [*See* Docs. 34-4 and 34-5].

Tennessee Department of Correction ("TDOC") Policy and Procedure 501.01 requires an inmate to file a grievance within seven days of the event giving rise to the grievance [Doc. 37-1 p. 3]. It also requires inmates to pursue a three-level appeal process to exhaust available administrative remedies.[2] The summary judgment evidence demonstrates that Plaintiff did not file his grievance within seven days, and he did not

---

[2] The Court takes judicial notice of the TDOC policy on inmate grievances, which is available at https://www.tn.gov/content/dam/tn/correction/documents/501-01.pdf (last accessed March 12, 2021).

pursue an appeal. Thus, he failed to comply with TDOC's administrative rules as required for proper exhaustion. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]");*Owens v. Keeling*, 461 F.3d 763, 770 n. 4 (6th Cir.2006) (noting that a permissive appeal in the grievance process is "available" for purposes of the PLRA and is therefore required prior to filing suit). Accordingly, even taking the alleged facts in the light most favorable to Plaintiff, Defendant Gibbson has demonstrated that Plaintiff failed to properly exhaust his administrative remedies prior to filing suit. Defendant Gibbson is entitled to the grant of his motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 34] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE